

# KENTUCKY REGISTRY OF ELECTION FINANCE

Thomas P. O'Brien, III, Chairman
Adrian M. Mendiondo, Vice-Chair
Richard Clayton Larkin, Member
H. David Wallace, Member
J. Bissell Roberts, Member
Laura Marie Bennett, Member
Jessica Burke, Member

140 Walnut Street
Frankfort, Kentucky 40601-3240
Phone: (502) 573-2226
Fax: (502) 573-5622
www.kref.ky.gov

**John R. Steffen**
Executive Director

**Leslie M. Saunders**
General Counsel

## ADVISORY OPINION 2024-02

Any Advisory Opinion rendered by the Registry under subsection (1) or (2) of this section may be relied upon only by the person or committee involved in the specific transaction or activity with respect to which the Advisory Opinion is required. See KRS 121.135(4).

July 8, 2024

**VIA FIRST CLASS U.S. MAIL**
Hardin County Republican Party
c/o Bobbie Coleman, Chair
327 Riesling Ct.
Vine Grove, KY 40175

And

Jessamine County Republican Party
c/o Kim Garrison, Chair
1108 Ashgrove Road
Nicholasville, KY 40356

**In re: Request for Advisory Opinion: Use of Funds for Supporting Constitutional Amendments**

Dear Chairpersons Coleman and Garrison:

This Advisory Opinion is sent in response to the requests your respective executive committees (Hardin County Republican Party and Jessamine County Republican Party) made by letters both dated June 7, 2024, and received by the Kentucky Registry of Election Finance ("the



Page 2
Hardin County Republican Party and Jessamine County Republican Party
July 8, 2024

**Use of Funds for Supporting Constitutional Amendments** (AO 2024-02)

Registry") on June 10, 2024. Both indicated that your executive committees would like to promote and support the passage of Amendment 2 that will be on the ballot for the general election in November. That amendment addresses whether voters are "in favor of enabling the General Assembly to provide financial support for the education costs of students in kindergarten through 12th grade who are outside the system of common (public) schools." (See 2024 HB 2.) Each request asked two nearly identical questions (identified below as Questions 2 and 3). Chairperson Coleman added one additional question, identified below as Question 1:

> 1) Would [the Registry] consider the purchasing of signs and advertising to be an activity subject to [its] regulation?[1]
>
> 2) May county executive committees make expenditures in support of or against constitutional amendment ballot issues?
>
> 3) If an executive committee may make expenditures in support of or against constitutional amendment ballot issues, what expenditures are allowed and what are prohibited?

Your request was posted on the Registry's web site for ten days for public comment, but the Registry received no comments.

To address Chairperson Coleman's question first, yes, the Registry regulates, by statute, purchasing of signs and advertising in support or opposition to constitutional amendments, as is evidenced by the definition of "political issues committee" in KRS 121.015(3)(c), "which means three (3) or more persons joining together to advocate or oppose a constitutional amendment or public question which appears on the ballot if that committee receives or expends money in excess of one thousand dollars ($1,000)[.]" While this statute does not regulate every such purchase (for instance, it would not regulate the purchase of signs by an individual), it has bearing on the next question.

Executive committees, as opposed to political issue committees, have no statutory definition, but are defined in 32 KAR 1:050 as:

> [A]n organizational unit or affiliate recognized within the document governing a political party, that **raises and spends funds to promote political party nominees**, and performs other activities commensurate with the day-to-day operation of a political party, including voter registration drives, assisting candidate fundraising efforts, holding state conventions or local meetings, and nominating candidates for local, state, and federal office. [Emphasis added.]

While the applicable language about raising and spending funds in that definition applies only to the phrase "promote political party nominees," chairpersons Coleman and Garrison have

---

[1] Although the request does not specify what the signs or advertising oppose or support, the answer in this Advisory Opinion is limited to support or opposition to constitutional amendments, as that is the only fact situation otherwise addressed by the requestors.

Page 3
Hardin County Republican Party and Jessamine County Republican Party
July 8, 2024

**Use of Funds for Supporting Constitutional Amendments** (AO 2024-02)

    not pointed to, nor can I find, anything in the Rules of the Republican Party of Kentucky, that would suggest that supporting a constitutional amendment is one of the "other activities commensurate with the day-today operations of a political party." Thus the answer to the second question is that a county executive committee may not use the funds that it raises for party nominees to support a constitutional amendment. To the extent that members of the executive committee would like to begin raising funds to support or oppose a constitutional amendment, those members interested must form a political issues committee to do so.[2] This answer, of course, make the third question moot.

    Please keep in mind that this Advisory Opinion is based on the specific facts set forth in your written request and only may be applied to cover the conduct in the transaction you described. If you have any questions concerning this Advisory Opinion, please do not hesitate to contact the Registry. Thank you.

Very truly yours,

LESLIE M. SAUNDERS
General Counsel

Cc:    Registry Members
        John R. Steffen, Executive Director

---

[2] This statement assumes that the contributions or expenditures will exceed $1,000. To the extent they do not, those members are not required to register a committee.