UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BOONE COUNTY REPUBLICAN PARTY EXECUTIVE COMMITTEE, *et al.*, | |
| | Case No. 3:24-cv-00049-GFVT |
| Plaintiffs, | |
| V. | **MEMORANDUM OPINION & ORDER** |
| H. DAVID WALLACE, *et al.*, | |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and Summary Judgment. [R. 6.]  Because Plaintiffs have failed to satisfy the requirements of Federal Rule of Civil Procedure 65, their request for a Temporary Restraining Order is **DENIED.**  However, the Court will continue analysis of Plaintiffs' Motion for Preliminary Injunction, Permanent Injunction, and Summary Judgment after a scheduling conference has been held and additional briefing has been filed.

**I**

In March 2021, the Kentucky General Assembly enacted House Bill (HB) 563.  Under HB 563, Kentucky taxpayers who donate to account-granting organizations (AGO) receive essentially a dollar-for-dollar tax credit against their income taxes.  These AGOs allocate taxpayer contributions to education opportunity accounts (EOA), which can be used for education-related expenses.  The primary goal behind this tax structure was to assist in reducing the cost of nonpublic school tuition.  The law became effective on June 29, 2021, but was short-lived.  On December 15, 2022, the Kentucky Supreme Court found the law was unconstitutional

under Section 184 of the Kentucky Constitution. *Commonwealth ex rel. Cameron v. Johnson*, 658 S.W.3d 25 (Ky. 2022). Section 184 provides that "no sum shall be raised or collected for education other than in common schools until the question of taxation is submitted to the legal votes." Ky. Const. § 184.

In response to the Supreme Court's opinion, the Kentucky General Assembly placed a constitutional amendment on the ballot for November 2024. The Kentucky Registry of Election Finance (KREF) is tasked with, *inter alia*, "administering Kentucky's campaign finance law." About, *Kentucky Registry of Election Finance*, https://kref.ky.gov/about/Pages/default.aspx (last accessed July 24, 2024). As a part of the enforcement scheme, KREF can issue advisory opinions pursuant to KRS § 121.135. In June 2024, the Jessamine County Republican Party Executive Committee (JCRP) and the Hardin County Republican Party Executive Committee (HCRP) wrote to KREF seeking an advisory opinion on whether they could use funds to campaign in favor of the School Choice Amendment on the November 2024 election ballot. The Boone County Republican Party Executive Committee (BCRP), as well as JCRP and HCRP, have all raised money with the explicit purpose of campaigning in favor of the School Choice Amendment. Specifically, the Plaintiffs seek to invest in "election-related communications for both their nominated candidates, and the School Choice Amendment, usually in the same mailer or door-to-door hangers." *Id.* at 7. The mail piece must be finalized by October 2024 in order to be delivered before the November 5th election date.

On July 8, 2024, KREF issued Advisory Opinion 2024-02, in which they found that the Plaintiffs could not expend funds that advocated in favor of the School Choice Amendment. As support KREF found that within the definition of "executive committee" in 32 KAR 1:050, the Plaintiffs are only entitled to "raise[] and spend[] funds to promote political party nominees," not

2

advocating for a constitutional amendment. Further, KREF found that advocating for a constitutional amendment was not part of "other activities commensurate with the day-to-day operations of a political party." *Advisory Opinion 2024-02*, Kentucky Registry of Election Finance (July 8, 2024), https://kref.ky.gov/KREF%20Advisory%20Opinions/2024-002%20Opinion.pdf. The Plaintiffs asked KREF if they advocated in favor of the constitutional amendment whether KREF would take enforcement action against them, to which KREF replied they "are not able to say that the Registry would ignore a properly filed complaint." [R. 6 at 9.] Thus, the Plaintiffs feel certain that if they were to expend money in favor of the School Choice Amendment, they would face an enforcement action, effectively chilling their election-related speech. As such, the Plaintiffs filed the present action arguing the Defendants violated the First Amendment. As relief, the Plaintiffs seek "emergency relief, including a preliminary injunction or temporary restraining order" prohibiting the Defendants from continuing to chill the Plaintiffs' speech.

## II

Rule 65 allows the Court to issue a TRO without notice to the other party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). In determining whether to issue a TRO, the Court examines: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and 4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington–*

*Fayette Urban County Government*, 305 F.3d 566, 573 (citations omitted).

"[A] temporary restraining order is an extraordinary remedy designed for the limited purpose of preserving the status quo pending further proceedings on the merits[.]" *Stein v. Thomas*, 672 Fed. App'x 565, 572 (6th Cir. 2016). This is because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974)).

The Plaintiffs have asked the Court to enjoin Defendants from enforcing their Advisory Opinion. Per Rule 65, a temporary restraining order may not exceed fourteen (14) days. Fed. R. Civ. P. 65(b)(2). The Plaintiffs have not alleged—and the Court finds it unlikely— that KREF will review the Plaintiffs' practices concerning their use of campaign funding within the next fourteen days. Further, even if enforcement were suspended for fourteen days, it does not automatically follow that KREF will not seek enforcement of their Advisory Opinion following the expiration of the TRO. The Court acknowledges the principle that a violation of one's constitutional rights is an irreparable harm. *See, e.g., Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davison County*, 274 F.3d 377 (6th Cir. 2001); *Jones v. Perry*, 215 F. Supp. 3d 563 (E.D. Ky. 2016). But the irreparable harm the Plaintiffs allege is not immediately preventable by means of a temporary restraining order.

### III

Accordingly, and the Court being sufficiently advised otherwise, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion for Temporary Restraining Order [R. 6] is **DENIED**; and

4

2. A scheduling conference regarding Plaintiffs' Motion for Preliminary Injunction, Permanent Injunction, and Summary Judgment [R. 6] shall be held telephonically on **Thursday, July 25, 2024** at **1:30 p.m**.

3. To join the teleconference, the parties are **DIRECTED** to call Microsoft Teams Teleconferencing at 1-606-371-5577 and enter Phone Conference ID 648 877 261#.

This the 24th day of July, 2024.

Gregory F. Van Tatenhove
United States District Judge