IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY – at COVINGTON

**Boone County Republican Party Executive Committee, et. al.**  :   Case No. 3:24-cv-00049-GFVT

:

**PLAINTIFFS**

:

v.

:

**H. David Wallace, et. al.**

:

**DEFENDANTS**

### EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

All Plaintiffs, the Boone County Republican Party Executive Committee, Hardin County Republican Party Executive Committee, and Jessamine County Republican Party Executive Committee, through Counsel, move the Court for an injunction pending appeal, pursuant to FRAP 8(a)(1)(C). Plaintiffs reincorporate the arguments set forth in their briefing (Doc. 6, Doc. 17), and further state as follows:

The Court suggested that the burden of certain members of the Plaintiffs separately registering an political issues committee was negligible, and thus suggested that this matter was distinguishable from *FEC v. Massachusetts Citizens for Life*, 479 U.S. 238 (1986), where the Court discussed and rejected the argument by the FEC that the Plaintiff could merely register a separate committee and engage in the speech activities that it desired. That analysis ignores the Supreme Court's fundamental holding and observation that the fact that the entity desiring to engage in speech was "not free to use its general funds for campaign advocacy purposes," was "not an absolute restriction on speech," but was nevertheless "a substantial one." *Id.* at 252. It was not the burden of establishing a committee and the steps taken that made the burden "substantial," but instead was the very fact that the entity could not "use its general funds for campaign advocacy purposes." *Id.*

And the comparators of burdens in *Massachusetts Citizens for Life* is equally indistinguishable. The Court explained the burdens to include (i) identifying all contributors donating over $200; (ii) disclosing the name and address of all recipients of funds exceeding $200; (iii) identifying all persons who make contributions over $200 earmarked for independent expenditures. *Id.* Additionally, the committee had to (iv) appoint a campaign treasurer; (v) ensure that contributions are forwarded to the treasurer within 10 or 30 days of receipt, depending on the amount of contribution; (vi) see that its treasurer keeps an account of every contribution regardless of amount, the name and address of any person who makes a contribution in excess of $ 50, all contributions received from political committees, and the name and address of any person to whom a disbursement is made regardless of amount; and (vii) preserve receipts for all disbursements over $ 200 and all records for three years; (viii) file a statement of organization containing its name, address, the name of its custodian of records, and its banks, safety deposit boxes, or other depositories; (ix) must report any change in the above information within 10 days; and (x) may dissolve only upon filing a written statement that it will no longer receive any contributions nor make disbursements, and that it has no outstanding debts or obligations. Id. at 253-254. Its filing including quarterly reporting during election years, and reports 12 days before and 30 days after an election. *Id.* at 254.

The Supreme Court observed that "[d]etailed record-keeping and disclosure obligations, along with the duty to appoint a treasurer and custodian of the records, impose administrative costs that many small entities may be unable to bear." *Id.* "Furthermore, such duties require a far more complex and formalized organization than many small groups could manage." In a footnote, the Court observed that "the administrative costs of complying with such increased responsibilities may create a disincentive for the organization itself to speak." *Id.* at fn.7.

Under Kentucky law, a separate political issues committee (i) must file official notice of intention at the time of organization, giving names, addresses, and positions of the officers of the organization, identifying an official contact person of the committee, and providing the issue or issues that it is advocating for (KRS 121.170(1)); (ii) must have separate chairpersons and treasurers (KRS 121.170(3)); (iii) designate a treasurer to act as agent (KRS 121.170(2) makes the provisions of KRS 121.160 applicable to the committee, including KRS 121.160(1)); (iv) obtain a separate bank account (which usually requires obtaining a separate EIN from the IRS) (KRS 121.170(2) and KRS 121.160(2)(a)); (v) keep detailed records of contributors (KRS 121.170(2) and KRS 121.160(2)(b)); (vi) obtain separate checks for the purpose of making expenditures over $25, which any expenditure like a mailer would be (KRS 121.170(2) and KRS 121.160(2)(c)); (vii) maintain for six years from the date of the last report filing all receipts and account records (KRS 121.170(2) and KRS 121.160(2)(d)); (viii) report "all money, loans, or other things of value, received from any source, and expenditures authorized, incurred, and made, since the date of the last report," including a "complete statement of all expenditures authorized, incurred, or made" that "shall include the name, address, and occupation of each person to whom an expenditure is made in excess of twenty-five dollars ($25), and the amount, date, and purpose of each expenditure" (KRS 121.180(3)(a)), with reports filed 60 days, 30 days, and 15 days prior to an election (KRS 121.180(3)(b)(2), (3), and (4)), as well as 30 days after (KRS 121.180(4)); (ix) is prohibited from utilizing funds to further candidates from office, including the Republican slate (KRS 121.180(10)); and (x) cannot receive funds from a executive committee (and the representation that the issues committee could receive raised funds from the Plaintiffs herein is contrary to the directives on Defendants' websites).[1]

---

[1] https://kref.ky.gov/committees/Pages/Political-Issues-Committee.aspx https://kref.ky.gov/Pages/Contribution-Limits.aspx (last accessed 8/23/2024).

These are not *de minimis* requirements.

Finally, this Court is (presently) alone in the suggestion that a separate committee can somehow alleviate the constitutional problems with the content-based restriction on speech present here against the Plaintiffs. *Carey v. FEC*, 791 F. Supp. 2d 121, 132-133 (DCD 2011) ("The fact that Plaintiffs may have another outlet to exercise their First Amendment rights to free speech—such as the establishment of a separate committee or PAC, as suggested by the Commission in its opposition—does not answer this constitutional challenge. While the Commission might expound on such alternatives, they do nothing to cure the constitutional maladies of its heavy handed approach. 'The fundamental flaw' to the Commission's approach continues to be that it 'improperly '[brings] to bear what was essentially a political party analysis to a non-connected, independent committee which is not under the control of, or associated with candidates in the fashion of a political party.'" … Stifling citizens' speech rights during a Presidential campaign runs contrary to the entire history of First Amendment jurisprudence in this country."); *Catholic Leadership Coalition of Tex. v. Reisman*, 764 F.3d 409, 430, fn.27 (5th Cir. 2014) (explaining that separate committees are separate legal entities, and cannot be viewed from the perspective that its members can form separate committees, and noting that doing so runs contrary to the holdings in *Citizens United v. FEC*, 558 U.S. 310 at 343 (2010) (and holding that free speech rights have to be viewed from the perspective of an organization which rights even if it is not a natural person) and *FEC v. Nat'l Conservative Political Action Comm.*, 470 U.S. 480, 494 (1985)).

Plaintiffs seek an emergency injunction pending appeal, enjoining enforcement of Advisory Opinion 2024-02, Defendants' restrictions on Plaintiffs' ability to advocate in favor of

the constitutional amendments, and their enforcement of KRS Chapter 121 that prohibits that advocacy.

                                  Respectfully submitted,

                                  /s/ Christopher Wiest_____
                                  Christopher Wiest (KBA 90725)
                                  50 E. Rivercenter Blvd., Ste. 1280
                                  Covington, KY 41011
                                  513/257-1895 (v)
                                  859/495-0803 (f)
                                  chris@cwiestlaw.com

                                  /s/ Thomas B. Bruns_____
                                  Thomas B. Bruns (KBA 84985)
                                  Bruns, Connell, Vollmar, Armstrong
                                  4555 Lake Forrest Dr., Ste. 330
                                  Cincinnati, OH 45242
                                  513-312-9890(v)
                                  *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon Counsel of record, by filing same in the Court's CM/ECF system, this 23 day of August, 2024.

                                  /s/ Christopher Wiest_____